IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEANTE GHOLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 124-073 |
| | ) |
| TYRONE OLIVER, Commissioner of | ) |
| Georgia Department of Corrections; | ) |
| MEDICAL DIRECTOR OF GDC; and | ) |
| DR. DITSLEAR, | ) |
| | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **Screening the Complaint**

   A.  **Background**

Plaintiff names the following Defendants: (1) Tyrone Oliver, Commissioner of the Georgia Department of Corrections ("GDC"); (2) the Medical Director of the GDC; and (3) Dr.

Ditslear, a dentist at ASMP. (Doc. no. 1, pp. 1, 13-14.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff had a dental appointment at ASMP on October 30, 2023, at which time he complained about cavities and needing a tooth pulled, but the "dental lady" told Plaintiff his cavities would be addressed before having a tooth pulled. (Id. at 14.) An x-ray was taken of Plaintiff's mouth, and "the dentist" (presumably Defendant Ditslear) placed Plaintiff on a waiting list to fill his cavities. (Id.) Plaintiff had an appointment set on December 21, 2023, for another dental exam and to have cavities filled; in the meantime, he gave food to other prisoners to obtain pain medicine while he waited for dental treatment. (Id.) However, on December 21st, he had only one cavity filled, even though he had other cavities that needed filling and a tooth that needed to be pulled. (Id.) The dentist told Plaintiff his other cavities would be filled eventually, but he had to be placed on a long waiting list. (Id.) By February 21, 2024, Plaintiff had been re-assigned to TSP, but he had no further dental work performed at ASMP before his transfer.[1] (Id. at 15, 23.) Plaintiff seeks as damages both injunctive relief and monetary compensation. (Id. at 16.)

**B.    Discussion**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

---

[1]Plaintiff has attached several Health Services Request Forms to his complaint, (doc. no. 1, pp. 23-32), but they have no relevance to the claims concerning his dental treatment at ASMP beyond indicating he left ASMP in February 2024.

U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See

Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Does Not State a Claim Against Defendants Oliver or the Medical Director for the GDC

Plaintiff cannot hold Defendants Oliver or the Medical Director for the GDC liable by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold either of these two supervisory Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name these two individuals as Defendants not because of their direct involvement in the events about which

he complains, but by virtue of their supervisory positions. Nowhere does Plaintiff allege these two were present for, or participated in, the dental treatment at ASMP, or any other prison, about which Plaintiff complains. Rather, he complains they did not "correct the inadequacies of staffing" to meet prisoner dental needs, (doc. no. 1, p. 15), without ever alleging they knew about any particular problem with prisoner dental care.

Absent the allegation of direct involvement, Plaintiff must allege a causal connection between these two Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Nothing in the complaint indicates Defendants were responsible for a policy or custom resulting

5

in a violation of Plaintiff's rights or knew about a history of widespread abuse regarding dental treatment for inmates. At best, without specifically referencing particular deficiencies with dental care other than his personal experience, Plaintiff states Commissioner Oliver and the Medical Director are responsible for the operation of the GDC and/or medical care of all inmates, and they failed to ensure adequate dental staffing to protect the welfare of the inmates under their care. (Doc. no. 1, pp. 13, 15.) Any implicit suggestion that these Defendants allowed or otherwise tacitly authorized the conduct of dentists via customs and practices of allowing dental issues to escalate without treatment is insufficient because he offers no facts to support this conclusory assertion. See Anderson v. Hall, Civ. Act. No. 5:19-cv-6, 2020 WL 2896682, at *2 (S.D. Ga. May 29, 2020) (dismissing claim for liability of supervisory prison officials where no facts alleged in support of causal connection allegations), *adopted by*, 2020 WL 3406329 (S.D. Ga. June 19, 2020). Nor does Plaintiff allege any facts to show these supervisory Defendants either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner.

In sum, Plaintiff has not alleged a viable claim against these two Defendants, and they should be dismissed from the case.

### 3. Official Capacity Monetary Damages

To the extent Plaintiff is suing any Defendant in their official capacity, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Oliver and the Medical Director of GDC be **DISMISSED** from the case because Plaintiff fails to state a claim upon which relief may be granted against them. The Court further **RECOMMENDS** all official capacity claims for monetary damages be dismissed from the case.

SO REPORTED and RECOMMENDED this 10th day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA