IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-073 |
| | ) | |
| TYRONE OLIVER, Commissioner of | ) | |
| Georgia Department of Corrections; | ) | |
| MEDICAL DIRECTOR OF GDC; and | ) | |
| DR. DITSLEAR, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    Screening the Complaint**

Plaintiff names the following Defendants: (1) Tyrone Oliver, Commissioner of the Georgia Department of Corrections ("GDC"); (2) the Medical Director of the GDC; and (3) Dr. Ditslear, a dentist at ASMP. (Doc. no. 1, pp. 1, 13-14.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff had a dental appointment at ASMP on October 30, 2023, at which time he complained about cavities and needing a tooth pulled, but the "dental lady" told Plaintiff his cavities would be addressed before having a tooth pulled. (Id. at 14.) An x-ray was taken of Plaintiff's mouth, and "the dentist" (presumably Defendant Ditslear) placed Plaintiff on a waiting list to fill his cavities. (Id.) Plaintiff had an appointment set on December 21, 2023, for another dental exam and to have cavities filled; in the meantime, he gave food to other prisoners to obtain pain medicine while he waited for dental treatment. (Id.) However, on December 21st, he had only one cavity filled, even though he had other cavities that needed filling and a tooth that needed to be pulled. (Id.) The dentist told Plaintiff his other cavities would be filled eventually, but he had to be placed on a long waiting list. (Id.) By February 21, 2024, Plaintiff had been re-assigned to TSP, but he had no further dental work performed at ASMP before his transfer.[1] (Id. at 15, 23.) Plaintiff seeks as damages both injunctive relief and monetary compensation. (Id. at 16.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable claim for medical deliberate indifference against Defendant Ditslear. See Farrow v. West, 320 F.3d 1235, 1243-47 (11th Cir. 2003) (explaining delay in dental treatment when pain, bleeding and swollen gums, and teeth slicing into gums evident may constitute Eighth Amendment claim). Accordingly, process shall issue as to this Defendant. In a companion Report and Recommendation, the Court recommends dismissal of all official capacity claims against all three Defendants for monetary damages, as well as dismissal of Defendants Oliver and the Medical Director of GDC from the case.

---

[1] Plaintiff has attached several Health Services Request Forms to his complaint, (doc. no. 1, pp. 23-32), but they have no relevance to the claims concerning his dental treatment at ASMP beyond indicating he left ASMP in February 2024.

2

## II.     Instructions

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Ditslear. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon the defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or defense counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff

shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a

motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the

defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 10th day of July, 2024, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA