IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-073 |
| | ) | |
| TYRONE OLIVER, Commissioner of | ) | |
| Georgia Department of Corrections; | ) | |
| SHARON LEWIS, Medical Director of GDC; | ) | |
| and DR. DITSLEAR, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 13.) The Magistrate Judge recommended dismissal of Defendants Tyrone Oliver and Sharon Lewis,[1] as well as all official capacity claims for monetary damages. (See doc. no. 8.) Although Plaintiff does not object to the dismissal of the noted official capacity claims, Plaintiff does object to the Magistrate Judge's determination that Defendants Oliver and Lewis cannot be held liable by virtue of their supervisory positions. (See doc. no. 13.) The Court is not persuaded.

---

[1] Defendant Lewis was originally identified only as the Medical Director of GDC. (Doc. no. 1, pp. 1, 13.) After entry of the Report and Recommendation, Plaintiff filed a motion to amend to specifically identify Sharon Lewis as the named Defendant. Although Plaintiff failed to serve his motion on any Defendant and it is generally improper to amend a pleading in this piecemeal fashion, because Defendant Lewis is due to be dismissed and in the interest of judicial efficiency, the Court **GRANTS** the motion, (doc. no. 12), and **DIRECTS** the **CLERK** to update the docket in accordance with the above caption.

As the Magistrate Judge thoroughly explained, supervisory officials like Commissioner Oliver and Director Lewis cannot be held liable in a § 1983 case for the alleged unconstitutional acts of subordinates based on a theory of *respondeat superior* or vicarious liability. (Doc. no. 8, pp. 4-6.) Plaintiff's reliance on his allegations in a case filed in the Northern District of Georgia regarding missing a teeth cleaning at Hays State Prison, as well as general reports of staffing shortages throughout the Georgia Department of Corrections, (doc. no. 13, pp. 2-4), does not establish the necessary causal connection to the alleged constitutional violation at Augusta State Medical Prison regarding the timing of filling cavities or pulling a tooth. Likewise, Plaintiff's anticipation of defense(s) he believes Defendant Ditslear will raise is insufficient to form the necessary causal connection between Defendants Oliver and Lewis and the alleged constitutional violation. (<u>Id.</u> at 5.)

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants Oliver and Lewis, along with all official capacity claims for monetary damages. The case shall proceed as described in the Magistrate Judge's July 10, 2024 Order. (<u>See</u> doc. no. 11.)

SO ORDERED this 6th day of August, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA